IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH L. PARKER,** | CIV F 06-654 AWI DLB |
| **Plaintiff,** | ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE |
| v. | |
| **FIDELITY SECURITY LIFE INSURANCE CO., a corporation, DOE 1, DOE 2, DOE 3, DOE 4 and DOES 5-100,** | |
| **inclusive,** | |
| **Defendants.** | |

This case stems from the denial of monetary benefits under a life insurance policy. The beneficiary of the policy, Deborah Parker ("Plaintiff"), originally brought suit against doe defendants and Fidelity Security Life Insurance Co. ("Defendant") in state court and alleged three causes of action: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, and (3) failure to investigate. Defendant removed the matter to this Court and now moves to dismiss the second and third causes of action under Rule 12(b)(6), to strike Plaintiff's claim for punitive damages under Rule 12(f), and, in the alternative, for a more definite statement under Rule 12(e). For the reasons that follow, Defendant's motions will be granted in part and denied in part.

**ALLEGATION IN THE COMPLAINT**

On or about April 8, 2004, Plaintiff suffered a loss in that her husband accidentally died in a manner that was covered under an insurance policy that was issued by Defendant. See Plaintiff's Complaint at ¶ 9. As per the first cause of action, Defendant was notified of Plaintiff's loss in accordance with the terms of the policy, but breached its duty to pay Plaintiff for her covered loss. See id. at ¶¶ 8-10.

As per the second cause of action, Defendant breached its duty of good faith and fair dealing by unreasonably failing to pay the insurance benefits. Id. at ¶ 12. Because of the breach of good faith, Plaintiff was forced to hire an attorney to recover the policy benefits and has suffered harm because of the breach. Id. at ¶ 13-15.

As per the third cause of action, Defendant breached its duty of good faith and fair dealing by failing to properly investigate Plaintiff's loss. Id. at ¶ 17. Plaintiff provided Defendant with the decedent's medical records, a report from Dr. Brandon E. Boggs, and toxicology reports. Id. However, Defendant ignored all of these submissions and failed to properly investigate, which caused Plaintiff harm. Id.

Plaintiff seeks, *inter alia*, recovery of policy benefits and exemplary damages. Id. at p. 5.

**DEFENDANT'S MOTION TO DISMISS & MOTION TO STRIKE**

*Defendant's Arguments*

Defendant argues that the second and third causes of action should be dismissed. The second cause of action for breach of the duty of good faith and fair dealing is "factually starved" and only makes a conclusory allegation that Defendant unreasonably failed to pay insurance benefits. Since there are no facts to support this claim, dismissal with prejudice is appropriate.

With respect to the third cause of action, Plaintiff alleges a cause of action for Defendant's alleged failure to investigate. However, because there is no cause of action for failure to investigate under California law, dismissal with prejudice is appropriate. In the

alternative, if the third cause is not dismissed, then Plaintiff should be required to file a more definite statement.

As to the motion to strike, Defendant argues that Plaintiff's claim for punitive damages should be struck because there are absolutely no facts alleged that can support punitive damages. That is, there are no allegations that could support a finding of malice, fraud, or oppression.

*Plaintiff's Opposition*

Plaintiff argues that decedent died when an intubation in the emergency room was improperly performed, that is, the tube went to the decedent's stomach and not his lungs which resulted in asphyxiation. Defendant based its denial of coverage solely on an inadmissible conclusion from the coroner's report that suicide was the cause of decedent's death. Defendant made no effort to comply with California law in order to determine if suicide was the "efficient proximate cause" of death.

With respect to the duty to investigate, numerous California cases recognize that an insurance carrier is under a duty to investigate to determine if there is reasonable basis for a claim. The allegations are sufficient.

With respect to punitive damages, the allegations of bad faith are sufficient to raise factual issues as to whether Defendant's conduct rises to the level of intent that is contemplated by California Civil Code § 3294.

## **LEGAL STANDARDS**

*Rule 8*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The

pleadings need only give the opposing party fair notice of a claim and the claim's basis.  Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47).  The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required."  Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877.  "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."  Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)*.* This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal

conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

*Rule 12(f)*

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).  Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc., 984 F.2d at 1527.  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527.  Scandalous matters are allegations "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity

5

of the court," Cobell v. Norton, 224 F.R.D. 1, 5 (D. D.C. 2004), and "includes allegations that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com Secs. Litig., 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. See Fantasy, Inc., 984 F.2d at 1527-28. Motions to strike are generally viewed with disfavor and are not frequently granted. See Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003). Courts must view the pleading under attack in the light more favorable to the pleader. See id. Accordingly, "motions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1099 (E.D. Cal. 2001). Nevertheless, a motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. See Gay-Straight Alliance Network, 262 F.Supp.2d at 1110-11; Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996); see also Nurse v. United States, 226 F.3d 996, 1004-05 (9th Cir. 2000); Bassiri, 292 F.Supp.2d at 1224.

## DISCUSSION

*1.     Second Cause of Action – Good Faith & Fair Dealing/"Bad Faith"*

A "bad faith" claim against an insurer is based on a breach of the implied covenant of good faith and fair dealing, which exists to assure the insurer makes prompt payment of claims to the insured. Buxbaum v. Aetna Life & Casualty Co., 103 Cal.App.4th 434, 442 (2002). All insurance contracts include the implied covenant of good faith and fair dealing. See Century Surety Co. v. Polisso, 139 Cal.App.4th 922, 948 (2006); Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc., 78 Cal.App.4th 847, 879 (2000). Where an insurer engages in

unreasonable conduct in connection with an insured's insurance claim, the insurer is said to have tortiously breached the implied covenant. See Polisso, 139 Cal.App.4th at 948 (citing Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818-19 (1979)). To establish a bad faith claim, the insured must show that: (1) benefits due under the policy were withheld; and (2) the reason for withholding the benefits was unreasonable or without proper cause. See Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 920 (1978); Polisso, 139 Cal.App.4th at 948-49; Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1151 (1990).

> [A] breach of the implied covenant of good faith and fair dealing involves something more than a breach of the contract or mistaken judgment. There must be proof the insurer failed or refused to discharge its contractual duties not because of an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

Polisso, 139 Cal.App.4th at 948 (citing Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co., 90 Cal.App.4th 335, 345-46 (2001)). Conduct such as "delayed payment based on inadequate or tardy investigations, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable and numerous other tactics may breach the implied covenant . . . ." McMillin Scripps North Partnership v. Royal Ins. Co., 19 Cal.App.4th 1215, 1222 (1993).

Here, Defendant is correct that Plaintiff's complaint is wanting in facts. Under the second cause of action, there is only a statement that the Defendant acted unreasonably in denying benefits. This allegation is simply a bare legal conclusion, and the Court will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Sprewell, 266 F.3d at 988. Rule 8 does not require minute detail to support a claim. All that is required is fair notice of a claim and the claim's basis. Sagana, 384 F.3d at 736. However, there is a dearth of facts to support Plaintiff's second cause of action and the liberal requirements of Rule 8 have not been met. Additional facts that could support a finding of bad faith/unreasonable denial need to be pled. Since it is not clear that amendment would be futile, the Court will dismiss the second cause of action with leave to

amend.  See Gompper, 298 F.3d at 898; Lopez, 203 F.3d at 1127.

2.        *Third Cause of Action – Failure To Investigate*

The parenthetical title of the Third Cause of Action is "Failure to Properly Investigate Claim."  Defendant takes the position that there is no such cause of action and dismissal with prejudice is appropriate.  The Court finds Defendant's argument unpersuasive.

"[A]n insurer cannot reasonably and in good faith deny payments to its insured without fully investigating the grounds for its denial."  Egan, 24 Cal.3d at 819; Mariscal v. Old Republic Life Ins. Co., 42 Cal.App.4th 1617, 1623-24 (1996).  In fact, "Among the most critical factors bearing on the insurer's good faith is the adequacy of its investigation of the claim."  Shade Foods, 78 Cal.App.4th at 879-80.  "[T]he covenant of good faith and fair dealing implied in all insurance agreements entails a duty to investigate properly submitted claims . . . ."  Id.; KPFF, Inc. v. California Union Ins. Co., 56 Cal.App.4th 963, 973 (1997).  "An unreasonable failure to investigate amounting to such unfair dealing may be found when an insurer fails to consider, or seek to discover, evidence relevant to the issues of liability and damages."  Shade Foods, 78 Cal.App.4th at 880 (discussing Mariscal, 42 Cal.App.4th at 1624; Hughes v. Blue Cross of Northern California, 215 Cal.App.3d 832, 846 (1989)); Betts v. Allstate Ins. Co., 154 Cal.App.3d 688 (1984)).  Thus, although there may be no "stand alone" cause of action for failure to properly investigate, see Arquilla v. International Ins. Co., 1988 U.S. Dist. LEXIS 17576 at *26 (N.D. Cal. 1988), a showing that an insurance company failed to reasonably investigate a claim may be sufficient to prove a breach of the implied covenant of good faith and fair dealing, which is part of every insurance contract.  E.g. Egan, 24 Cal.3d at 819; Shade Foods, 78 Cal.App.4th at 879-80.

Here, Plaintiff's third cause of action does not contain the words "bad faith" or "good faith and fair dealings" in the title, but the first paragraph under that cause of action reads in relevant part: "Defendants . . . breached the obligation of good faith and fair dealing by failing to properly investigate her loss in that [describing the provision of materials by Plaintiff that was

ignored by Defendant]." Plaintiff's Complaint at 4:22-5:2. Defendant's argument looks only to the title of the cause of action and does not take into account the entirety of the cause of action, which expressly states that Defendant breached its obligation of good faith and fair dealing. Viewed in the light most favorable to Plaintiff and making all reasonable inferences in her favor, the allegations made under the third cause of action indicate a breach of the covenant of good faith and fair dealing when Defendant failed to properly investigate Plaintiff's claim for benefits and ignored the evidence that she presented which reflected her entitlement. See id. at 5:2-14; Egan, 24 Cal.3d at 819; Shade Foods, 78 Cal.App.4th at 880. Based on this reading of the third cause of action, i.e. as simply a method of showing a breach of the covenant of good faith and fair dealing due to a failure to properly investigate, Defendant's motion to dismiss is denied.

Rule 12(e) motions are disfavored and should not be granted as a substitute for discovery. Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003); Davison v. Santa Barbara High School Dist., 48 F.Supp. 2d 1225, 1228 (C.D. Cal. 1998). Here, the pleading is not unintelligible or unduly vague, and any further clarification can be obtained through discovery. See Fed. R. Civ. Pro. 12(e); Castillo, 219 F.R.D. at 163. Defendant's Rule 12(e) motion is denied.

### 3.     *Punitive Damages*

Rule 12(f) allows the Court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). A prayer for punitive damages is not a defense. Further, punitive damages are not unavailable against an insurance company as a matter of law, see Shade Foods, 78 Cal.App.4th at 890-91; Hughes, 215 Cal.App.3d at 846-47, and the prayer for punitive damages in this case is neither immaterial, redundant, impertinent nor scandalous. See Fantasy, Inc. 984 F.2d at 1527; Cobbel, 224 F.R.D. at 5. The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f). See Paul v. Gomez, 190 F.R.D. 402, 404 (W. D. Va. 2000); Outen v. Baltimore County, 177 F.R.D. 346, 348 (D. Md. 1999); Arenson v. Whitehall

Convalescent & Nursing Home, Inc., 880 F.Supp. 1202, 1214 (N.D. Ill. 1995).  However, where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion to strike, the Court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion.  See Outen, 177 F.R.D. at 348; Egan v. Pan Am. Airways, 62 F.R.D. 710, 712 (S.D. Fla. 1974); South v. United States, 40 F.R.D. 374, 376 (N.D. Miss. 1965).

Here, Defendant argues that the Court should strike the claim for punitive damages under Rule 12(f) because the complaint is devoid of factual allegations that show oppression, fraud, and/or malice.  Defendant's argument is thus, in substance, a Rule 12(b)(6) motion.  Treating Defendant's motion to strike as a motion to dismiss, Defendant's argument has merit.  The only factual allegations in the complaint, beyond that Plaintiff suffered a loss and Defendant refused to pay, are in paragraph 17.  That paragraph alleges that Plaintiff provided Defendant with the decedent's medical records, a report from Dr. Brandon E. Boggs, and toxicology reports, but that Defendant ignored all of these submissions.  See Plaintiff's Complaint at ¶ 17.  To obtain punitive damages under California law, a plaintiff must show that a defendant engaged in malice, fraud, or oppression.  See Cal. Civ. Code § 3294;[1] Shade Foods, 78 Cal.App.4th at 890-91.

---

[1] California Civil Code § 3294 reads in part:

(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.
(c) As used in this section, the following definitions shall apply:
(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294(a)-(c).

"[A]n insurer's bad faith may not only breach the implied covenant of good faith and fair dealing, but also can be treated for tort purposes as a basis for exemplary damages where it occurs in a context of malice, fraud, or oppression." Betts, 154 Cal.App.3d at 708. However, there are no specific allegations of malice, fraud, or oppression, and, even viewed in the light most favorable to Plaintiff, the facts that are alleged in the complaint are not enough support a claim for punitive damages. Minute detail is not required under Rule 8, but additional facts need to be pled. Since it is not clear that amendment would be futile, the Court will dismiss Plaintiff's prayer for punitive damages with leave to amend. See Gompper, 298 F.3d at 898; Lopez, 203 F.3d at 1127.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's second cause of action is GRANTED and that cause of action is DISMISSED with leave to amend;
2. Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's third cause of action is DENIED;
3. Defendant's Rule 12(e) motion for a more definite statement is DENIED;
4. Defendant's Rule 12(f) motion to strike punitive damages, which the Court converts to a Rule 12(b)(6) motion to dismiss, is GRANTED and Plaintiff's prayer for punitive damages is DISMISSED with leave to amend;
5. Plaintiff may file an amended complaint, consistent with this order, on or by August 10, 2006; and
6. Should Plaintiff fail to file an amended complaint by the above deadline, Defendant will file an answer to the original complaint on or by August 14, 2006.

IT IS SO ORDERED.

**Dated:   July 27, 2006**             /s/ Anthony W. Ishii
0m8i78                        UNITED STATES DISTRICT JUDGE

11